People v Francis (2020 NY Slip Op 04407)





People v Francis


2020 NY Slip Op 04407


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-01178
 (Ind. No. 2558/16)

[*1]The People of the State of New York, respondent,
v
Anthony Francis, appellant.


Spar & Bernstein, P.C., New York, NY (Paul Hirsch and Lawrence J. Fredella of counsel), for appellant. 
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Rachel N. Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered December 15, 2017, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials and identification testimony.
ORDERED that the judgment is affirmed.
On October 15, 2016, the defendant and a codefendant attempted to rob the complainant at knifepoint. The complainant was able to run away and when he approached a nearby police officer, he informed the officer of the attempted robbery and also pointed to the defendant and the codefendant as the perpetrators. The defendant and the codefendant were then arrested and the codefendant was found to be in possession of a knife.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the evidence, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the evidence, we are satisfied that the verdicts of guilt were not against the weight of the evidence.
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is partially unpreserved for appellate review (see People v Hernandez, 166 AD3d 647). In any event, the comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, or responsive to defense counsel's summation (see People v Vale, 177 AD3d 685).
Inasmuch as the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the defendant's contention that the evidence presented to the grand jury was legally insufficient (see People v Placek, 173 AD3d 774).
The defendant's remaining contentions are without merit.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court